**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ASCOT INSURANCE COMPANY and
ENDURANCE AMERICAN INSURANCE
COMPANY,

                            **Plaintiffs,**

        -against-

SARCONA MANAGEMENT, INC.

                            **Defendant.**

---

**25-cv-0046 (ALC)**

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

This suit involves a dessert heist, a botched dessert delivery, and several missing confectionaries; a true dessert catastrophe. Plaintiffs Ascot Insurance Company ("Ascot") and Endurance American Insurance Company ("Endurance") (together, "Plaintiffs"), bring this subrogation action[1] against Defendant Sarcona Management, Inc. ("Sarcona" or "Defendant"), for its alleged failure to safely transport Plaintiff's confectionaries from Elizabeth, New Jersey to Bethlehem, Pennsylvania. But Plaintiff's sweet treats were not simply damaged in transit, they were stolen.

For Defendant's failure to fend off the dessert thieves and deliver the confectionaries, Plaintiffs initiated this suit alleging claims for breach of contract, negligence, breach of bailment, and conversion, under New York state law, as well as violation of the Carmack Amendment under 49 U.S.C. § 14706. Before the Court is Defendant's Motion to Dismiss (the "Motion") Plaintiff's

---

[1] In a subrogation action, an insurance company, after paying a policyholder's claim, "steps into the shoes" of the policyholder to sue any defendants that may be liable for the policyholder's claimed injury for reimbursement. In such actions, the policyholder is also known as the "subrogor" and their legal right to pursue a claim against a defendant is "subrogated," that is, taken over, by the subrogee (i.e., the insurance company). As set forth below, here, non-part Bazooka is the subrogor and Plaintiffs are the subrogees. =

1

state law claims as preempted by the Carmack Amendment pursuant to Rule 12(b)(6). Dkt. No. 13. After careful review, the Court construes Defendant's Motion as a motion for judgment on the pleadings under Rule 12(c), and the Motion is **DENIED.**

## BACKGROUND

### I.    Factual Background[2]

Plaintiffs are foreign business entities with their principal places of business in New York. They are also the insurers of non-party Bazooka Companies LLC ("Bazooka") and its affiliates. Dkt. No. 1 ¶ 3. On or before January 4, 2024, Bazooka entered into a contract with Defendant, a foreign business entity domiciled in, and with its principal place of business in, New Jersey. *Id.*, ¶18. The contract required Defendant to transport confectionaries (the "Cargo") from Elizabeth, New Jersey to Bethlehem, Pennsylvania. *Id.* On or about December 27, 2023, the Cargo was tendered to Defendant in good condition. *Id.*, ¶19. That same day, Defendant accepted the Cargo and then proceeded to directly or indirectly load the Cargo at Maher Terminals, Elizabeth, New Jersey. *Id.*, ¶21.

On January 4, 2024, at approximately 7:16 p.m.,while the Cargo was in Defendant's care or custody, the Cargo was stolen. *Id.*, ¶22. The Cargo was not recovered. As a result of the loss of the Cargo, Bazooka suffered damages in the amount of $331,776.00. *Id.*, ¶23. Plaintiffs, as Bazooka's insurers, were compelled to pay and did pay Bazooka the sum of $331,776.00 (less a deductible of $10,000.00). *Id.*, ¶26. Upon payment to Bazooka, Plaintiffs became subrogated to all the rights and remedies available to Bazooka, their subrogor, by virtue of the stolen Cargo. *Id.* Plaintiffs thus initiated this action to recover as damages the $331,776.00 paid to Bazooka.

---

[2]The following facts are taken from Plaintiff's Complaint, Dkt. No. 1, and are presumed true. *See Infra* __ (explaining that in considering a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.)

II.    **Procedural History**

On January 2, 2025, Plaintiffs filed their Complaint seeking damages for Defendant's violation of the Carmack Amendment (Count I), breach of contract (Count II), negligence (Count III), breach of bailment (Count IV), and conversion (Count V). Dkt. No. 1. On March 17, 2025 Defendant filed its Answer to the Complaint. Dkt. No. 11. On August 4, 2025, the Court granted Defendant leave to file a motion to dismiss this action. Dkt. No. 12. On August 29, 2025, Defendants moved to dismiss Counts II-V pursuant to Rule 12(b)(6). Dkt. No. 13. On September 16, 2025, Plaintiffs filed an Opposition to Defendant's Motion. Dkt. No. 14. On September 23, 2025, Defendants filed a Reply in further support of its Motion. Dkt. No. 15. The Court considers the Motion fully briefed.

## LEGAL STANDARD

As an initial matter, it is important to note that Defendant's Motion was filed after it had already answered the Complaint. *See supra* __.  The Second Circuit, which is binding on this Court, has held that "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, the Court must construe Defendant's Motion as a motion for judgment on the pleadings.

On a motion for judgment on the pleadings, the burden is on the movant to demonstrate that it is entitled to judgment. *Juster Assocs. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir. 1990). "Judgement on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Gomez-*

3

*Kadawid v. Lee*, No. 20-CV-01786, 2023 U.S. Dist. LEXIS 102935, at *9 (S.D.N.Y. June 13, 2023) (citation omitted). "Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Id*. (citation and internal quotation marks omitted).

"In assessing a motion for a judgment on the pleadings, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Chavis v. Zodlow*, 128 F. App'x 800, 802-03 (2d Cir. 2005) (citation and internal quotation marks omitted). This assumption does not extend to "legal conclusions" or "legal conclusion[s] couched as a factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Those the Court may properly disregard. *Id*. When deciding the motion, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

## DISCUSSION

The crux of Defendant's argument in the Motion is that Plaintiffs' state law claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706, of the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA"), 49 U.S.C. § 10501. Therefore, the Court begins with a discussion of the ICCTA and the Carmack Amendment.

### I.     An Overview of the ICCTA and the Carmack Amendment

The ICCTA governs the interstate "movement of passengers or property," in the US by a "motor carrier" and any "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing,

unpacking, and interchange of passengers and property." 49 USC § 13102(23); *see generally* 49 U.S.C. Subtitle IV Part B – Motor Carriers, Water Carriers, Brokers, and Freight Forwarders. The term, "motor carrier" is defined in the statute as a person that provides motor vehicle transportation for compensation. 49 USC § 13102(14).

The Carmack Amendment is a provision within the ICCTA codified at 49 U.S.C. § 14706. It governs motor carrier liability for actual loss or injury to property caused by the carrier when shipping goods interstate. 49 U.S.C. § 14706(a)(1). When it applies, the Carmack Amendment "preempts all state law on the issue of interstate carrier liability." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 57 L.Ed. 314 (1913). In addition, the Carmack Amendment permits a motor carrier providing transportation services, subject to certain conditions, to limit its liability. *See* 49 U.S.C. § 14706(c)(1)(A) (stating that carriers may "establish rates for the transportation of property (other than household goods described in section 13102(10)(A)) under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.").

The Carmack Amendment does not apply to brokers. *See Fed. Ins. Co. v. SF Express Corp.*, No. 21-cv-5539 2021 U.S. LEXOS 190900 (SDNY Oct. 4, 2021)). A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). "The difference between a carrier and a broker is often blurry." *Fed. Ins. Co. v. SF Express Corp.*, No. 21-cv-5539 (JSR), 2021 U.S. Dist.

LEXIS 190900, at *4 (S.D.N.Y. Oct. 4, 2021) *quoting AIG Europe (Netherlands), N.V. v. UPS Supply Chain Sols., Inc.*, 765 F. Supp. 2d 472, 483 (S.D.N.Y. 2011). Furthermore, the inquiry into whether a party acted as a carrier or broker is "inherently fact-intensive and not well suited to summary judgment," much less a motion to dismiss. *Nipponkoa Ins. Co. v. C.H. Robinson Worldwide, Inc.*, U.S. Dist. LEXIS 17752, at *5 (S.D.N.Y. Feb. 18, 2011). With that important background, the Court turns to the dispute between the parties in this case.

## APPLICATION AND ANALYSIS

As outlined above, Plaintiffs assert five claims against Defendant. First, Plaintiffs assert that Defendant acted as a motor carrier with respect to the lost Cargo and accordingly seek damages under the Carmack Amendment. Dkt. No. 1 at ¶ 43. In the alternative, Plaintiffs assert that Defendant acted as a broker or warehouseman with respect to the lost Cargo, in which case they seek damages under various New York state law claims. Critically, at this stage, Plaintiffs are unsure what role Defendant played with respect to the carriage of the Cargo, and they say so in their Complaint. *Id*.

Defendant seeks dismissal of Plaintiffs' state law claims as preempted by the Carmack Amendment. Whether the Carmack Amendment applies turns on Defendant's status—that is, whether Defendant is a motor carrier, a broker, or a warehouseman. Defendant contends that it acted as a motor carrier with respect to the Cargo. The only evidence Defendant points in support of this claim is paragraph thirty of its Answer, where it admits the corresponding allegation in the Complaint. Paragraph thirty of the Complaint states that "[a]t all relevant times, the Defendant was a carrier within the meaning of the Interstate Commerce Commission

Termination Act, 49 U.S.C. § 10501 (2022), and the provisions therein, including the Carmack

Amendment, 49 U.S.C. § 14706 (2022), and the regulations pertaining thereto.

Plaintiffs raise two arguments in opposition to Defendant's Motion. First, they argue that

Motion must fail because Defendant has not pointed to any evidence in support of its claim that

it acted as a motor carrier with respect to the Cargo. Second, Plaintiffs contend that dismissal of

the state law claims is inappropriate here because those claims are plead in the alternative to their

claim under the Carmack Amendment. The Court agrees with Plaintiff.

As a threshold matter, there is a clear factual dispute between the parties concerning

Defendant's status. Because Defendant's status in this matter determines whether the Carmack

Amendment applies, this dispute is material. Judgement on the pleadings would be inappropriate,

here, given the existence of this material factual dispute. *Gomez-Kadawid*, 2023 U.S. Dist.

LEXIS 102935, at *9 (S.D.N.Y. June 13, 2023) (citation omitted). Denial of the Motion is

justified for this reason alone.

Were the Court to look beyond this threshold issue, the Motion would still fail. As the

moving party, Defendant bears the burden of demonstrating that it acted as a motor carrier in this

suit. Defendant's citation to paragraph thirty of its Answer is legally insufficient to sustain this

burden on the current record. This is because Defendant admitted in paragraph 30 that it was a

motor carrier as defined in the ICCTA, while simultaneously denying in the rest of the Answer,

all of the factual allegations in the Complaint that could support a finding that Defendant

*actually* acted as motor carrier with respect to the Cargo. Defendant's admission, though

considered by the Court, is nothing more than a "legal conclusion couched as a factual

allegation." Such statements cannot support a ruling in Defendant's favor here, where Plaintiff has argued its claims in the alternative.

Defendant attempts to skirt this reality by arguing that Plaintiffs' arguments are contradictory because it (Defendant) has conceded that it was a motor carrier, and Plaintiffs themselves have asserted several factual allegations in the Complaint that lend support to Defendant's claim that it was a motor carrier. Defendant points, for example, to paragraph 31, which it denied, and paragraphs 36–37, for which it provided a non-answer. Defendant misunderstands the law. Plaintiffs are allowed to plead claims in the alternative even if their claims are contradictory. *See* Rule 8(d). That aside, Plaintiff's allegations and positions contradictory or not, have nothing to do with Defendant's burden. The burden lies on Defendant to by point to specific evidence in the record that would support its claim that it is a motor carrier; Defendant cannot rely on Plaintiff's factual allegations in the Complaint for the simple fact that ***it has denied or not responded to those allegations***.

The Court is particularly mindful that discovery has not yet commenced in this action, and as a result the record before the court is scant. Even with the benefit of Defendant's Answer, Defendant's role with respect to the cargo is unclear. It is important to note that Plaintiffs' state law claims would not be preempted if evidence reveals that Defendant was not a motor carrier. That is important here, where Plaintiffs have plead their allegations in the alternative. Dismissal of Plaintiff's common law claims as preempted is thus inappropriate at this time but may be better suited for summary judgment. See *Freightliner Custom Chassis Corp. v. Landstar Ranger Inc.*, No. 8:20-CV-1390 (FJS/CFH), 2022 U.S. Dist. LEXIS 15256, at *11-12 (N.D.N.Y. Jan. 27, 2022). For these reasons, both the state law claims and Carmack Amendment claim survive the Motion.

**CONCLUSION**

For the reasons outlined above, the Motion is **DENIED**. In terms of next steps, contemporaneous with the filing of this Opinion, the Court will refer this matter to Magistrate Judge Gorenstein for the scheduling of the Parties' Rule 16 conference and general pre-trial oversight. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 13.

**SO ORDERED.**

**Dated: March 31, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

9